Cavin v. Middleton et al.

CAVIN v. MIDDLETON ET AL.

1. **Judgment:** ENFORCEMENT AGAINST EQUITABLE INTEREST IN LAND: SUBSEQUENT PURCHASER WITHOUT NOTICE OF EQUITY. Where defendant purchased land which was in the possession of a third party, who held under an unrecorded bond for a deed, and, upon previous inquiry of the one in possession, he disclaimed any interest in the land, but said that it belonged to the one who held the legal title, of whom defendant was about to purchase, and the evidence was conflicting as to whether or not the latter told defendant that the one in possession held an equitable interest in the land, *held* that the evidence was not sufficient to charge defendant with notice of such equitable interest, and that a prior judgment against the one in possession could not be enforced against the land in defendant's hands.

*Appeal from Harrison District Court.*

THURSDAY, JUNE 5.

ACTION in chancery to charge certain real estate with the

lien of a judgment. Upon a trial on the merits, plaintiff's petition was dismissed. He now appeals to this court.

*Sims & Cadwell,* for appellant.

*L. R. Bolter & Sons,* for appellees.

Beck, J.—I.   Plaintiff holds a judgment against one Young, which, by this proceeding, he seeks to enforce against certain real estate, the title of which is in defendant, Mrs. M. M. Stewart, on the ground that, when she purchased the property of one Crosswait, Young held an interest therein under a bond and contract for the purchase thereof with Crosswait, and plaintiff's judgment was a lien thereon.   The evidence shows that Young contracted for the purchase of the property with Crosswait, who executed a bond for the conveyance thereof upon payment of the consideration agreed upon. Young was in possession of the property under this contract when Crosswait sold and conveyed it to Mrs. Stewart.   The bond was not recorded, and appears to have been lost.   Mrs. Stewart sought information from Young as to the relation of his claim upon and possession of the property, and was informed by him that Crosswait owned the property and had the right to convey it.   He set up no claim to any interest in it.   It is not shown that Mrs. Stewart had any notice of the contract and bond between Young and Crosswait, upon which plaintiff relies to support his right to the lien.   Young was unable to meet the payment provided for by this contract, and surrendered his rights under it, on condition that Crosswait would pay him a specified sum for improvements made on the property and for payments he had made under the contract.   Crosswait testifies in the following language: "At the time this sale was made, I told Stewart of the interest Young had in the property on account of moneys he had paid on the contract and improvements he had made on the place.   I do not remember that I said to him that I had given Young a bond for a deed."   Mrs. Stewart testified that

she had no knowledge or information of any interest or right in the property held by Young.

II.    We think the evidence fails to establish notice to Mrs. Stewart of Young's interest in the property.    She had sought information from him, and he had disclaimed any right or interest therein.    Considering this disclaimer in connection with the information she received from Crosswait, as shown by his testimony above quoted, she cannot be charged thereby with notice of Young's interest and equitable title in the property. Counsel for plaintiff concede the well settled rule of the law, that, in the absence of such notice, the judgment cannot be enforced against the property.    These conclusions dispose of the case, and require us to order the judgment of the district court to be

AFFIRMED.